# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RUBEN DAVID MEZA-VAZQUEZ, Individually and on Behalf of All Those Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN'S BAKERY, INC., and JOSE LUIS CARDENAS, Jointly and Severally, <br><br> Defendants. | Case No.:_____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Ruben David Meza-Vazquez, individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants operate a wholesale bakery that sells baked goods.

2. Plaintiff worked for Christian's Bakery, Inc. as a baker.

1

3. Plaintiff was paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout their employment.

4. The exact number of employees who have suffered the same unpaid overtime wage injury, and have yet to receive redress is unknown at this time.

5. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to him pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performed work for Christian's Bakery, Inc., located at 1419 Veterans Memorial Highway, Mableton, Georgia, 30126, USA, which is in Cobb County.

8. This Court is empowered to issue a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.    Plaintiff, Ruben David Meza-Vazquez, was at all relevant times, an adult individual residing at 1300 Old Powder Springs Road., Mableton, Georgia, 30126, which is in Cobb County.

**Defendants:**

10.   Defendant Christian's Bakery, Inc., is an active Georgia corporation. Its principal place of business is 1419 Veterans Memorial Hwy., Mableton, Georgia, 30126, which is in Cobb County.

11.   Upon information and belief, Defendant Jose Luis Cardenas is an owner, officer, director and/or managing agent of Christian's Bakery, Inc. Mr. Cardenas' address is 244 Lauren Lane, Mableton, Georgia, 30126, which is in Cobb County.

12.   Jose Luis Cardenas (the "Individual Defendant") participated in the day-to-day operations of Christian's Bakery, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is

jointly and severally liable with Christian's Bakery, Inc. (the "Corporate Defendant").

13. Upon information and belief, the Individual Defendant set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

14. At all relevant times, Defendants have been the employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees working on goods that have been moved or produced for commerce, in that the Defendants operate a bakery business that obtains various food products and ingredients that were created in various parts of the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17. At all relevant times, Defendants have been in the food service industry selling baked goods.

18. Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the

Corporate Defendant's day-to-day operations.

19. Plaintiff Meza-Vazquez was employed by Defendants as a baker. As a baker, he spent 98% of his time doing non-exempt job duties such as: mixing, preparing and baking bread and pastries, cleaning the store, cleaning the baking equipment, and stocking merchandise.

20. Mr. Meza-Vazquez spent 2% of his time training and supervising two other employees who helped make baked goods at the store. His supervision was limited to teaching them how to make baking products, and he took no other managerial role in the store other than training.

21. Mr. Meza-Vazquez does not qualify for the executive exemption of the FLSA because he spent only 2% of his time doing executive duties, and has not performed the vast majority of the duties normally assigned to management.

22. Mr. Meza-Vazquez cannot qualify as an exempt worker under the executive exemption to the FLSA because: he did not make employee schedules, did not have the power to fire employees, did not order supplies for the store, did not have access to sales records, did not set pay rates for other employees, did not interview employees for hiring, did not make determinations about what machinery or tools

should be used, did not provide for the safety or security of the employees or store, did not monitor or implement legal compliance measures, and could not recommend a worker be demoted or promoted. See 29 CFR 541.102.

23. Additionally, Mr. Meza-Vazquez was not paid significantly more than other employees, as is normally the case with true exempt managerial positions.

24. Mr. Meza-Vazquez was employed at Christian's Bakery, Inc., at 1419 Veterans Memorial Hwy, Mableton, GA, 30126, USA, from about September 9, 2016 to December 26, 2017 (68 weeks).

25. Mr. Meza-Vazquez was paid $900 per week no matter how many hours he worked in any given week. Plaintiff worked on average work 72 hours per week. This amounts to 40 regular hours, and 32 overtime hours per week. However, Mr. Meza-Vazquez received the same pay for all hours worked. This amounts to a regular rate of pay of $12.50 per hour for all hours worked.

26. Mr. Meza-Vazquez received a 30-minute lunch break for each day of his employment. In addition, he would often have to work during his lunch break, and eat while working, to keep up with Defendant's production demands during busy periods.

27.   Plaintiff was paid straight-time for all hours worked, despite working well in excess of 40 hours per week.

28.   This failure to pay overtime wages to this hourly employee can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

29.   Mr. Meza-Vazquez was paid an average of $12.50 per hour, and worked 72 hours per week. This amounts to 40 regular hours, and 32 overtime hours per week. Mr. Meza-Vazquez had only received a paycheck of $900 per week during each week of his employment.

30.   His rate of pay was $12.50 per hour, so his "half-rate" is $6.25 per hour, for the purposes of computing overtime.[1] 32 overtime hours multiplied by $6.25 half-rate, equals $200 unpaid overtime per week. Mr. Meza-Vazquez was employed 68 weeks by Defendants. 68 weeks multiplied by $200 unpaid overtime per week, equals $13,600 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $13,600 plus $13,600, which equals $27,200.

---

[1] The half-rate is determined by dividing the regular rate of pay by 2.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants, at any time since May 18, 2015, and through the entry of judgment in this case (the "Collective Action Period") who worked as bakers, baker's assistants, cashiers, stock workers, laborers and all other hourly employees (the "Collective Action Members").

32.     Plaintiff was an hourly worker, and therefore would not qualify for any exemption under the FLSA.

33.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

34.     The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress, is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

35. Plaintiff, on behalf of himself, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

36. As a result of Defendants' failure to compensate its employees, including Plaintiff and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

37. Defendants' actions constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. §

216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 18, 2018

Respectfully submitted,

        **<u>s/ Brandon A. Thomas</u>**
        **BRANDON A. THOMAS**
        **GA BAR NO.: 742344**
        The Law Offices of Brandon A. Thomas, PC
        1800 Peachtree Street, N.W., Suite 300
        Atlanta, GA 30309
        Tel: (404) 343-2441
        Fax: (404) 352-5636
        brandon@brandonthomaslaw.com